## Dubbs *v.* Phila. & Reading R. R. Co., Appellant.

*Railroads—Farm crossings—Act of Feb. 19, 1849, sec. 12.*

The plain object of the act of February 19, 1849, sec. 12, P. L. 79, was to compel railroad companies to give the owners of farms a convenient mode of access from one part to the other when divided by a railroad. While it may not be impossible for a farmer in gathering his crops to make a detour of half a mile in getting from one field to an adjoining field, it would nevertheless be intolerably inconvenient.

Defendant's railroad was located through plaintiff's farm. Defendant constructed a crossing for plaintiff over their tracks, but afterwards removed it, claiming that plaintiff had access by a public road. The route by way of this public highway required him to make a detour of about half a mile to pass from one portion of his farm to the other, while the crossing which the company constructed and afterwards removed gave him convenient access.

*Held*, that the provisions of the act were applicable in this case, and that the plaintiff could recover damages for the removal of the crossing.

Whether a road skirting a man's land, or passing along the edge of it, is a road "running through" the land, within the meaning of the proviso to the above section of the act, not decided.

Argued Feb. 2, 1892. Appeal, No. 30, July T., 1891, by defendant, from judgment of C. P. Lehigh Co., Sept. T., 1890, No. 28, on verdict for plaintiff, Silas Dubbs. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for damages for removing crossing over defendant's tracks constructed pursuant to act of Feb. 19, 1849.

The facts appear by the opinion of the Supreme Court.

The court (ALBRIGHT, P. J.) charged, in part, as follows: " The court is of the opinion that the Railroad Company was required to maintain one crossing for the benefit of the owner of the Dubbs farm." [4]

" The court is of the opinion that the existence of the public roads as they are here, and we may take them as represented on this draft, in their relation to this tract of land, does not relieve this Railroad Company from providing a crossing for the plaintiff." [5]

" But for the taking away of the remaining crossing, if the Railroad Company caused it to be done, the plaintiff is entitled to damages for whatever loss he sustained down to the time he brought this suit, on the 30th of June last." [6]

" It appears, however, that in passing over the first mentioned road, which the witness called the Emaus road, on to the turnpike, the owner of the Dubbs tract must get off of his own land, that is, that he must pass over a public road which does not run altogether through his land, nor along it, but must get on to a road which passes through somebody else's tract." [7]

Defendant's points were, among others, as follows:

" 1. Under all the evidence the verdict should be for the defendant. *Answer.* Negatived." [1]

" 2. Under the evidence in this case the plaintiff is not entitled to a crossing under the provisions of the general railroad act of 1849. *Answer.* Negatived." [2]

Plaintiff's point was as follows:

" Under all the evidence in the case the verdict of the jury must be for the plaintiff for some damages. *Answer.* Affirmed, provided it is believed that the crossing said to have been last removed was removed, and by authority of defendant." [3]

Verdict for plaintiff, $19.59 and judgment thereon. Defendant appealed.

*Errors assigned* were (1–3) points and answers thereto, quoting them; and (4–7) portions of the charge quoted.

*R. E. Wright,* of *R. E. Wright's Sons,* for appellant.

*John Rupp,* for appellee.

PER CURIAM, March 28, 1892:

The plaintiff brought this suit, in the court below, against the Philadelphia & Reading Railroad Co., lessees of the East

Pennsylvania Railroad Co., to recover damages for an alleged unlawful removing by the defendant of a plank crossing over the tracks of the East Pennsylvania Railroad, connecting the farm of the plaintiff severed or divided by the East Pennsylvania Railroad.

The 12th section of the act of Feb. 19, 1849, P. L. 79, provides, inter alia, "That, whenever, in the construction of such road or roads, it shall be necessary to cross or intersect any established road or way, it shall be the duty of the president and directors of the said company, so to construct the said road across such established road or way as not to impede the passage or transportation of persons or property along the same, and that, for the accommodation of all persons owning or possessing land through which the said railroad may pass, it shall be the duty of such company to make, or cause to be made, a good and sufficient causeway or causeways, whenever the same may be necessary, to enable the occupant or occupants of said lands to cross or pass over the same with wagons, carts and implements of husbandry, as occasion may require; and the said causeway or causeways, when so made, shall be maintained and kept in good repair by such company; and if the said company shall neglect or refuse, on request, to make such causeway or causeways, or, when made, to keep the same in good order, the said company shall be liable to pay any person aggrieved thereby, all damages sustained by such person in consequence of such neglect or refusal; such damages to be assessed and ascertained in the same manner as provided in the last section for the assessment of damages."

The defendant company contends that this act does not apply, for the reason that the plaintiff is not cut off from access to the remainder of his farm.   The facts are, that the planked crossing which the company has removed gave him convenient access from one portion of his farm to the other.   He still has such access, but by a circuitous route.   The Emaus road passes along one side of his property, until it intersects a turnpike road at nearly right angles.   By passing along these two roads, and in part by lands of another person, he can reach that portion of his farm lying on the south side of the railroad, and on the opposite side from his buildings.   Thus, by making a detour of about half a mile, he can reach the southern

side of his farm. If it were a detour of five miles, the principle would be the same. The plain object of the act of 1849 was to compel railroad companies to give the owners of farms a convenient mode of access from one part to the other, when divided by a railroad. While it may not be impossible for a farmer, in gathering his crops, to make a detour of half a mile in getting from one field to an adjoining field, it would nevertheless be intolerably inconvenient. It was to provide for such and similar cases that the act of 1849 was passed. The facts of this case do not require us to consider whether a road skirting a man's land, or passing along the edge of it, is a road " running through " a man's land, within the meaning of said act. As before observed, its object was to furnish convenient access from one part of the land to the other, and we quite agree with the learned court below, that the crossing referred to was necessary to give such access, and that it ought not to have been removed.

Judgment affirmed.